FILED
2017 Jun-07  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

GINGER TYRKA,

      PLAINTIFF,

v.                                CIVIL ACTION NO.

GUICE PHARMACY,             JURY TRIAL DEMANDED

      DEFENDANT.

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II.    PARTIES

2.    Plaintiff, Ginger Tyrka (hereinafter "Plaintiff") is a resident of Decatur, Morgan County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant

1

to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Northeastern Division.

3.      Defendant Guice Pharmacy (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.    STATEMENT OF FACTS

4.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.      Defendant hired Plaintiff on or about August 20, 2016.

6.      Defendant terminated Plaintiff's employment on March 15, 2017.

7.      At the time of Plaintiff's termination, Defendant labeled Plaintiff's job title as that of "Pharmacy Technician"

8.      Plaintiff reported to Edward Guice, Pharmacist and owner of Guice Pharmacy.

9.      Defendant does not have a time clock system in the store.

10.    Instead, Guice relies upon the employees to notate the hours that they work on a calendar.

11.    After the pay period ends, Guice uses the calendar to total the amount of time worked and pay the store's hourly employees.

2

12.    As part of her Pharmacy Technician duties, Defendant required Plaintiff to serve customers and clean the store.

13.    When Plaintiff's shift ended at the store's closing time, Defendant required Plaintiff to wait until all customers had left the store before she could leave.

14.    Because Defendant did not allow Plaintiff to leave the store before all customers had left, there were times in which she was required to stay after the end of her scheduled shift.

15.    Plaintiff notated the hours that she worked on the calendar indicating the actual hours that she had worked.

16.    Plaintiff indicated that she had worked overtime on the store's pay calendar.

17.    During the pay period between November 27, 2016 – December 10, 2016, Tyrka worked at least two and one half hours of overtime.

18.    After Tyrka received her pay and noticed that she had not been paid overtime, she asked the owner of the Pharmacy, Edward Guice, why she had not received overtime compensation.

19.    Guice responded that he did not pay overtime.

20.    During the pay period between February 19, 2017 through March 4, 2017, Tyrka again worked overtime.

21.    Once again, Tyrka noted the time that she believed she was due to be paid on the calendar.

22.    Defendant failed to pay Tyrka for the hours that she worked.

23.    Once again, Tyrka raised the issue of her overtime compensation, telling Guice that his policy of not paying overtime "was not how it was supposed to be."

24.    On or about March 15, 2017, Tyrka worked her normal shift for the benefit of the Defendant.

25.    Towards the end of the shift, the store was empty and all of Plaintiff's work was complete.

26.    Since there were no customers, Tyrka and her co-worker were checking their phones to see if they had any missed calls or messages.

27.    When Guice saw that the employees were using their phones he got angry and said to both employees, "I am not paying you to check your cell phones."

28.    The next day, Guice called Tyrka and told her to bring him her scrubs and pick up her check.

29.    Defendant terminated Tyrka's employment.

30.    Defendant did not terminate the other employee who also used her cell phone, but had not complained about her pay.

31.    In fact, Guice called the other employee and apologized for his outburst.

4

### IV.    COUNT ONE – FLSA – Overtime Violations

32.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-31 above.

33.     During the three years preceding the filing of this complaint, Plaintiff worked over forty hours in one or more work weeks.

34.     During the three years preceding the filing of this complaint, Defendant did not pay Plaintiff one and one-half times her regular hourly rate of pay for hours worked more than forty in a work week.

### V.    COUNT TWO FLSA RETALIATION TERMINATION

35.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-34 above.

36.     Defendant intentionally violated the FLSA by failing to pay Plaintiff for overtime hours worked.

37.     In early December 2016, Plaintiff met with her Defendant's owner, Edward Guice, regarding a shortage in her pay of overtime hours duly worked.

38.     During that meeting, Guice told Plaintiff that he did not pay overtime.

39.     In early late February and early March 2017, Plaintiff again worked overtime hours for which she was not compensated.

40.     Again, in March 2017, Plaintiff complained that she had not been fully compensated for the overtime hours she had worked.

41.    Within days of that complaint, Defendant terminated Plaintiff's employment.

42.    Defendant did not terminate the employment of another coworker who committed the same infraction.

43.    Defendant retaliated against Plaintiff by terminating her employment because she asked why she had not been paid for all overtime hours worked.

44.    Defendant's actions in terminating Plaintiff violated the FLSA.

45.    Because of Defendant's willful and intentional violation of the FLSA, Plaintiff has suffered loss of pay, benefits, and other compensatory damages.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.    This Court award Plaintiff the amount of her unpaid overtime pay, plus an additional equal amount as liquidated damages; her back-pay, front pay, compensatory damages, nominal damages; and special damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.    For such other and further relief as this Court deems equitable, proper and just.

Kira Fonteneau

Allen D. Arnold

Of Counsel:

Fonteneau & Arnold LLC
2151 Highland Avenue South, Suite 205
Birmingham, Alabama 35205
T: 205-252-1550 F: 205-502-4476

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

OF COUNSEL

## SERVE DEFENDANT AT:

Guice Pharmacy
1416 6th Avenue, Unit D
Decatur, AL 35601